Filed 6/23/25  P. v. Cruz CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL ISADORE CRUZ,<br><br>    Defendant and Appellant. | G064243<br><br>(Super. Ct. No. 95NF2951)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Daniel Isadore Cruz appeals the denial of his postjudgment motion for a juvenile fitness/transfer hearing. His appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring she was unable to find any issues to raise on appeal. Cruz then filed a supplemental brief on his own behalf. Having reviewed the record and considered Cruz's brief, we detect no arguable issues. We therefore affirm the trial court's denial order.

PROCEDURAL BACKGROUND

In 1997, Cruz was convicted of conspiracy to commit robbery, kidnapping for robbery, kidnapping during a carjacking, and two counts each of robbery and burglary. (Pen. Code, §§ 182, subd. (a)(1)/211, 209, subd. (b), 209.5, 211, 459.) The jury also found Cruz was armed with a firearm and acted for the benefit of a criminal street gang during his crimes. (*Id.*, §§ 12022, subd. (a)(1), 186.22, subd. (b).) The trial court sentenced him to life in prison with the possibility of parole, plus eight years and eight months.

On appeal, this court reversed Cruz's burglary convictions and one of his robbery convictions, as well as the sentences and the gang enhancements associated with those crimes. (*People v. Cruz et al.* (Oct. 27, 1999, G021861) [nonpub. opn.].) In all other respects, the judgment was affirmed. Cruz's petition for review in the California Supreme Court was denied, and because he did not seek further review in the United States Supreme Court, the judgment became final 90 days later, in April 2000.

On April 16, 2024, Cruz moved for a juvenile fitness/transfer hearing under Proposition 57, The Public Safety and Rehabilitation Act of 2016, and Assembly Bill No. 1423 (2019–2020 Reg. Sess.). In the motion, Cruz alleged that, although he was a minor when he committed his offenses, he did not receive a fitness/transfer hearing before he was tried in adult

court. He asked the trial court to vacate the judgment and grant him such a hearing. However, the court determined Cruz was ineligible for relief because his judgment has long been final, and the nature of his offenses preclude him from being tried in juvenile court. Therefore, the court denied his motion. For the reasons explained below, we discern no reason to disturb the trial court's ruling.

## DISCUSSION

Proposition 57, which was passed in November 2016, requires prosecutors to seek approval from the juvenile court before trying juvenile offenders in adult court. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305.) The measures applies "to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Id.* at p. 304.) But it does not apply to juveniles, like Cruz, whose judgment is already final. (*People v. Lizarraga* (2020) 56 Cal.App.5th 201, 207–208.) Thus, as the trial court correctly determined, Cruz's motion is time barred.

The motion is also deficient for purposes of Assembly Bill No. 1423 (2019–2020 Reg. Sess.), which created Welfare and Institutions Code section 707.5. (Stats. 2019, ch. 583, § 1.) As relevant here, that statute allows a trial court to return a case to juvenile court if the person was convicted of only misdemeanors and/or offenses not listed in Welfare and Institutions Code section 707, subdivision (b). (*Id.*, § 707.5, subd. (b)(3).) Cruz, however, was convicted of three offenses that are listed in that section: robbery, kidnapping for robbery, and kidnapping during a carjacking. (*Id.*, § 707, subd. (b)(3), (10) & (27).) He is thus ineligible for relief.

In his supplemental brief, Cruz raises a new claim that is unrelated to the present appeal. Rather than addressing the trial court's decision to deny his motion for a juvenile fitness/transfer hearing, Cruz

3

contends he is entitled to resentencing under Penal Code section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608. However, a resentencing petition under that section must be directed to the sentencing court. (Pen. Code, § 1170, subd. (d)(1)(A).) It is not something we can consider on appeal in the first instance. Accordingly, we offer no opinion on Cruz's right to resentencing.

Our review of the record reveals no arguable issues for appeal.

DISPOSITION

The postjudgment order denying Cruz's motion for a juvenile fitness/transfer hearing is affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.


4